IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN IVEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:05-CV-1150-JOF |
| SECRETARY JOHN W. SNOW, : | |
| U.S. Department of the Treasury, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration re order of dismissal [30], Plaintiff's motion to amend motion for reconsideration re order of dismissal [33], and Plaintiff's motion to reassign case [35].[1]

**I.   Background**

On August 13, 2004, Plaintiff, Steven Ivey, filed suit against Defendant, John W. Snow, Secretary of the U.S. Department of Treasury, in the United States District Court for the District of Columbia. The District Court for the District of Columbia transferred this matter to the Northern District of Georgia. On May 1, 2006, Magistrate Judge Scofield, noting that since the transfer no substantial proceedings have occurred, recommended that

---

[1] The court GRANTS Plaintiff's motion to amend motion for reconsideration.

AO 72A
(Rev.8/82)

this court dismiss this case for failure to prosecute, pursuant to Local Rule 41.3. On June 5, 2006, Plaintiff filed objections to the report and recommendation. On October 13, 2006, this court signed an order adopting Magistrate Judge Scofield's report and recommendation. This order was entered on October 16, 2006. Plaintiff filed a motion for reconsideration on November 2, 2006. On February 15, 2007, Plaintiff filed a motion to amend his motion for reconsideration. Finally, on March 12, 2007, Plaintiff filed a motion to reassign the case.

**II.    Discussion**

Mindful of Plaintiff's pro se status, the court will treat Plaintiff's motion to reconsider as a motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. To the extent that Plaintiff seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff is procedurally barred. Under Rule 59(e), any motion to alter or amend a judgment shall be filed no later than ten business days after the entry of the judgment. Fed. R. Civ. P. 59(e); *Jackson v. Crosby*, 375 F.3d 1291, 1295-96 (11th Cir. 2004). The Eleventh Circuit has ruled that the normal process of allowing three additional days to deadlines where there had been service of a notice or paper by mail pursuant to Federal Rule 6 does not apply to Federal Rule 59's ten-day deadline. *Jackson*, 375 F.3d at 1296. Here, the order was entered on October 16, 2006. Therefore, Plaintiff had until October 30, 2006 to file a Rule 59 motion for reconsideration. As Plaintiff did not file his motion to reconsider until November 2, the court is barred from considering a Rule 59 motion to reconsider as the ten-

2

AO 72A
(Rev.8/82)

day period for filing a Rule 59 motion "is jurisdictional and cannot be extended by the court." *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990).

Plaintiff's motion also fails under the requirements of Rule 60(b). Only Rule 60(b)(6), which allows relief from judgment or order for any reason justifying relief, is applicable to Plaintiff's claim. The court finds, however, that Plaintiff's motion does not present to the court the kind of extraordinary circumstances that would justify relief from judgment under the Rule. Plaintiff's motion to reconsider simply reargues the claims made by Plaintiff in objecting to Judge Scofield's report and recommendation, which the court addressed when it adopted the report as the order of the court. A motion for reconsideration, however, is "reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *See P.E.A.C.H. v. United States Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (O'Kelley, J.). Plaintiff has not shown any new evidence or a change in the controlling law which explains his failure to prosecute his case for more than a year. Also, Plaintiff has not shown a need to correct clear error or prevent a manifest injustice. Accordingly, the court DENIES Plaintiff's motion for reconsideration [30].

With regard to Plaintiff motion to reassign, the court will treat this motion as a motion to recuse. Title 28 U.S.C. § 455(a) provides that judges should recuse themselves

3

when their "impartiality might reasonably be questioned." The test for recusal is "whether an objective, disinterested, law observer, fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Plaintiff here has not proffered any information to the court that suggests that the undersigned is operating under any kind of bias that would prevent the impartial administration of justice. Plaintiff's disagreement with the court's previous legal rulings is not sufficient to constitute bias. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (finding that bias must be personal and extrajudicial). Here, Plaintiff has merely lodged a complaint with the Atlanta Bar Association alleging errors in this court's rulings on Plaintiff's prior cases. As plaintiff's complaints are merely disagreements with this court's previous rulings, there is no need for the court to recuse. Therefore, the court DENIES Plaintiff's motion to reassign judge to case.

### III.   Conclusion

This court DENIES Plaintiff's motion for reconsideration re order of dismissal [30], GRANTS Plaintiff's motion to amend motion for reconsideration re order of dismissal [33], and DENIES Plaintiff's motion to reassign case.

4

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 21st day of June 2007.

                                                           s/ J. Owen Forrester  
                                                            J. OWEN FORRESTER  
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A  
(Rev.8/82)